```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,               :
                                        :
                Plaintiff,              :
                                        :
    v.                                  :
                                        :               ORDER
SYLVIA QUILES,                          :
                                        :               05 CV 738 (NG) (JMA)
                Defendant,              :
------------------------------------------------------------ x
```

**GERSHON, United States District Judge:**

Plaintiff, the United States of America, has moved for entry of default and final judgment against defendant, Sylvia Quiles in the sum of $6,003.44, plus prejudgment interest at a rate of 10 percent per annum. Plaintiff also requests attorney's fees in the sum of $1,200.69, or 20 percent of the total amount due as of August 23, 2005. In the event that this Court does not award 20 percent of the total sum due, plaintiff alternatively requests that this Court fix attorney's fees in the sum of not less than $1,575.00, as calculated by the lodestar method of computation, based on the office's expenditure of not less than 4.5 hours in prosecuting this default, at the office's hourly rate of $350.00 per hour.

Plaintiff's motion for entry of default is granted. Plaintiff's request for attorney's fees is denied. Parties seeking an award of attorney's fees must support their request with "contemporaneous time records that show, 'for each attorney, the date, the hours expended, and the nature of the work done.'" *Cablevision Systems New York City Corp., v. Diaz*, 2002 WL 31045855 at *5 (quoting *New York Ass'n for Retarded Children, Inc., v. Carey*, 711 F.2d 1136, 1154 (2d. Cir. 1983). Plaintiff has failed to provide such documentation to support its claim for attorney's fees. Plaintiff did not provide this Court with copies of detailed billing records for

this matter, nor did it provide the court with a copy of the promissory note on which its claim for attorney's fees is based. Accordingly, this Court has no basis for awarding attorney's fees to plaintiff.

In sum, plaintiff's motion for entry of default and final judgment is granted and plaintiff's request for attorney's fees is denied. The Clerk of Court is directed to enter a final judgment against defendant in the amount of $6,003.44, plus prejudgment interest at a rate of 10 percent per annum, calculated as of January 28, 2000.

**SO ORDERED.**

**/s/ *Nina Gershon***

**NINA GERSHON**
**United States District Judge**

**Dated: October 6, 2005**
      **Brooklyn, New York**